Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 882 | **DATE** | 6/9/2000 |
| **CASE TITLE** | In Re: In Re: John A. Hanno | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] John A. Hanno's emergency motion for temporary restraining order and permanent injunction is denied for the reasons set forth on the reverse side of this minute order. The present appeal is stayed pending the bankruptcy judge's consideration of the Rule 9024 motion. If the bankruptcy judge concludes that he would be likely to grant relief that would impact the appeal, he can so state and I will formally remand the case for entry of such an order.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUN 1 2 2000 date docketed | |
| | Notified counsel by telephone. | | | 14 |
| ✓ | Docketing to mail notices. | | S.B. docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

*In re: John A. Hanno*, No. 00 C 882

Debtor John Hanno's emergency motion for injunctive relief is denied. Mr. Hanno seeks an injunction staying all actions to evict debtor from his home and enjoining TCF from transferring or otherwise disposing of his property. Before such an injunction may issue, Mr. Hanno must show, at the very least, some likelihood that he will prevail on the merits. He has failed to make this showing. First, this court cannot enjoin the eviction proceeding under the Rooker Feldman doctrine since the eviction was ordered by a state court. Mr. Hanno argues that TCF breached a stipulated settlement in the bankruptcy court by refusing to tender a payoff letter that would enable Mr. Hanno to sell his property. But the support for that contention consists of a belated affidavit from a lending officer that he was told that TCF would not issue a payoff letter if the buyer was Mr. Hanno. The lender's affidavit also states that it might have made the loan if not for this statement. But that is different from a statement that a loan was approved and was prevented from going through by action by TCF (which was obligated by the settlement agreement to issue a payoff letter on demand, although Mr. Hanno was also obligated to provide TCF with any proposed contract of sale before entering into such a sale; Mr. Hanno does not represent that he complied with this requirement). Furthermore, neither the lending officer's affidavit nor any other affidavit states why Mr. Hanno could not have obtained this information prior to the dismissal of the bankruptcy.

 Mr. Hanno has also brought a motion pursuant to Bankruptcy Rule 9024 before the bankruptcy judge who dismissed his bankruptcy. I agree that whether there was a violation of the stipulated settlement and if so what relief should be granted, is most appropriately considered by the bankruptcy court in the first instance. Accordingly, I will stay the present appeal (on which I note, however, that Mr. Hanno has obtained three extensions of time within which to file his brief in support) pending the bankruptcy judge's consideration of the Rule 9024 motion. If the bankruptcy judge concludes that he would be likely to grant relief that would impact the appeal, he can so state and I will formally remand the case for entry of such an order. Since on this record, however, Mr. Hanno has not demonstrated a likelihood of success on that motion, his motion for emergency relief is denied.

**ENTER ORDER:**

Elaine E. Bucklo
United States District Judge

**Dated:** June 9, 2000